PHILLIP A. TALBERT
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>Nine, more or less, 50-pound permeable triple layer brown paper bags, *et al.*,<br><br>　　　　　　Defendants *in rem*,<br>and<br><br>Gold Coast Distributors, Inc.,<br><br>　　　　　　Claimant. | Civil No. 2:23-CV-01954-WBS-DB |

CONSENT DECREE OF CONDEMNATION

On September 12, 2023, a Complaint for Forfeiture *In Rem* against the above-captioned articles was filed in this Court on behalf of the United States of America by Phillip A. Talbert, United States Attorney for the Eastern District of California and Kevin C. Khasigian, Assistant United States Attorney (the "Complaint").  The Complaint alleges that the articles proceeded against are articles of food within the meaning of the Federal Food, Drug, and Cosmetic Act (the "Act"), 21 U.S.C. § 301 *et seq.*, and alleges that those articles of food are adulterated while held for sale (whether or not the first sale) after shipment in interstate commerce, within the meaning of 21 U.S.C. § 342(a)(4), in that they have been

1

prepared, packed, or held under insanitary conditions whereby they may have become contaminated with filth.

Pursuant to the Warrant for Arrest of Articles *In Rem* issued by this Court, the United States Marshal for this District seized the articles from September 12 to 15, 18, and 19, 2023. Thereafter, the United States caused notice of the complaint and seizure to be published in accordance with the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure and the applicable rules of this Court.

On October 3, 2023, Gold Coast Distributors, Inc. ("Gold Coast" or "Claimant") intervened and filed a claim to the seized articles of food. Claimant affirms that it is the sole owner of the seized defendant articles of food and that no other person has an interest in the articles. Claimant further affirms that it shall hold the United States harmless should any other party or parties hereafter file or seek to file a claim to intervene in this action, or seek to defend or obtain any part of the articles subject to this Decree.

On October 24, 2023, Gold Coast filed its Answer to the Complaint. *See* ECF No. 8. Nothing in this Decree shall be construed as an admission by Claimant of any of the allegations in the Complaint; nor shall compliance with this Decree constitute or be construed as an admission by Claimant of any of the allegations in the Complaint. Claimant now consents to the entry of this Decree without contest and before any testimony has been taken, and disclaiming any liability in connection therewith.

Whereupon, the Court being fully advised, it is now ORDERED, ADJUDGED, AND DECREED as follows:

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1345 and 21 U.S.C. § 334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1355 and 1395(b), and 21 U.S.C. § 334(a)(1).

2. For purposes of this Decree only and compliance with all terms and conditions hereof, the Court finds the seized articles of food are adulterated while held for sale (whether or not the first sale) after shipment in interstate commerce, within the meaning of 21 U.S.C. § 342(a)(4), in that they have been prepared, packed, or held under insanitary conditions whereby they may have become contaminated

with filth.

3.     The seized articles of food are hereby condemned pursuant to 21 U.S.C. § 334(a) and forfeited to the United States.

4.     Pursuant to 21 U.S.C. § 334(e), the United States of America shall recover from the Claimant all court costs and fees, storage, and other proper expenses already incurred with respect to the condemned articles of food, and such additional expenses as may hereafter be incurred pursuant to the authority set forth in 21 U.S.C. § 334.  Claimant shall pay these costs within ten (10) calendar days after receiving written notice of such costs from the United States Food and Drug Administration ("FDA"), the United States Marshals' Service ("USMS"), and/or the United States Department of Justice ("DOJ"), or as otherwise agreed by the parties.

5.     Pursuant to 21 U.S.C. § 334(d)(1), within twenty (20) calendar days after entry of this Decree, Claimant shall execute and file with the Clerk of this Court a good and sufficient penal bond with surety, in a form acceptable to the Clerk of this Court, in the amount of five thousand dollars ($5,000), conditioned on the Claimant's abiding by and performing all of the terms and conditions of this Decree with respect to the condemned articles of food and such further Decrees or Orders as may be entered in this proceeding with respect to the condemned articles of food.  Claimant shall satisfy the requirement of posting a penal bond by depositing five thousand dollars ($5,000) into the registry of this Court.  The funds shall be deposited in accordance with Rule 67 of the Federal Rules of Civil Procedure and applicable statutes and local rules.  The Clerk of Court shall deposit the funds in an interest bearing account, pursuant to Local Rule 150, and shall deduct from the account any fee authorized by the Judicial Conference of the United States.  Release of the funds to Claimant shall occur upon Court order following Claimant's abiding by and performing the terms and conditions of this Decree.  The bond shall be applied to Lot 1 as defined in the Reconditioning Plan to be submitted and approved under paragraph 7 of this Decree and held for application to each successive lot as defined in the Reconditioning Plan.

6.     Claimant shall provide all necessary documentation it possesses to verify to FDA's reasonable satisfaction the content and value of each lot of the condemned articles of food.

7.     After filing of the bond with this Court, the Claimant shall give written notice to FDA as

described in paragraph 22, that Claimant is prepared, at its own expense, to attempt to bring the condemned articles of food into compliance with the Act under the supervision of a duly authorized FDA representative. Claimant shall not commence, permit any other person to commence, or cause any other person to commence attempting to bring the condemned articles of food into compliance with the law unless and until Claimant: (a) submits a written statement to FDA detailing Claimant's proposed plan to bring the condemned articles of food into compliance (the "Reconditioning Plan"), including a schedule for the proposed reconditioning; (b) receives written approval of the Reconditioning Plan from FDA; and (c) receives written authorization from FDA to commence attempting to bring the condemned articles of food into compliance with the Act under the supervision of FDA. Claimant shall submit its Reconditioning Plan to FDA within sixty (60) calendar days after filing its bond with the Court.

8. The Claimant shall at all times, until the condemned articles of food have been released by FDA, retain intact each lot of condemned articles of food for examination or inspection by FDA, and shall maintain the records or other proof necessary to establish the identity of the articles of food comprising each lot to the satisfaction of FDA.

9. If the Reconditioning Plan is approved by FDA pursuant to paragraph 7, the United States Marshal for this District shall successively release each specified lot of the condemned articles of food to the Claimant for the sole purpose of attempting to bring such articles of food into compliance with the Act pursuant to the Reconditioning Plan. After release of the first lot, subsequent lots shall be released by the United States Marshal to the Claimant for the sole purpose of reconditioning pursuant to the Reconditioning Plan, if and only if Claimant complies with all of the terms of this Decree with respect to each previously-released lot, and each such lot has been successfully reconditioned or destroyed pursuant to paragraphs 10-11 of this Decree.

10. Within six (6) months after receiving approval of the Reconditioning Plan, Claimant shall complete the process of attempting to bring the condemned articles of food into compliance with the Act under the supervision of FDA. Unless an extension of time is mutually agreed to in writing by FDA and the Claimant, Claimant shall destroy, at its own expense and under the direct supervision of a duly authorized FDA representative, all condemned articles of food that have not been brought into

compliance with the Act within six (6) months after FDA's approval of the Reconditioning Plan, and shall file a notice with the Court certifying that such condemned articles of food have been destroyed.

11. Claimant shall at no time, and under no circumstances whatsoever, ship, sell, offer for sale, or otherwise dispose of any part of the condemned articles of food until: (a) an FDA representative has had free access to the articles in order to take any samples or make any tests or examinations that are deemed necessary; and (b) the FDA representative has released, in writing, the articles of food for shipment, sale, or other disposition, according to the FDA-approved Reconditioning Plan.

12. If requested by FDA, Claimant shall furnish copies of sales invoices for any released articles of food or such other evidence of disposition.

13. If Claimant breaches any condition of this Decree or in any subsequent Decree or Order in this proceeding with respect to the condemned articles of food, Claimant shall immediately return the condemned articles of food to the United States Marshal for this District at Claimant's expense or shall otherwise dispose of them at its own expense and under the direct supervision of an FDA representative pursuant to an Order of this Court.  In the event that return of any of the condemned articles of food becomes necessary pursuant to this paragraph, Claimant shall be responsible for all costs of storage and disposition that are incurred by the United States.

14. Claimant shall not sell or dispose of the condemned articles of food or any part of them in a manner contrary to the provisions of the Act, or other laws of the United States, or of any State or Territory (as defined in the Act), in which they are sold or disposed.

15. Claimant shall pay all costs of FDA's inspections, investigations, supervision, analyses, examinations, and reviews that FDA deems necessary to evaluate Claimant's compliance with this Decree, including all transportation and associated costs for FDA investigators and experts, at the standard rates prevailing at the time costs are incurred.  Claimant shall make payment to FDA within twenty (20) business days after receiving an electronic invoice for payment, or as otherwise agreed to by the parties within those twenty (20) business days, which shall be sent to sourabh@shahdistributorsinc.com.  Claimant shall make payment through the Pay.gov electronic billing system, subject to all interest, fees, and penalties applicable to delinquent payments, in accordance with

31 U.S.C. § 3717 and 45 C.F.R. § 30.  As of the date this Decree is signed by the parties, these rates are: $110.59 per hour and fraction thereof per representative for inspection and supervision work; $132.56 per hour and fraction thereof per representative for laboratory and analytical work; $0.65 per mile for travel expenses for travel by automobile; the government rate or equivalent for travel by air; and the published government per diem rate for subsistence expenses, where necessary.  In the event that the standard rates for FDA supervision of court-ordered compliance are modified, these rates shall be increased or decreased without further order of the Court.  Claimant shall notify FDA within fifteen (15) business days if the email address at which Claimant receives electronic invoices changes.

16.     In the event Claimant does not avail itself, in the manner and within the timeframes stated in this Decree, of the opportunity to: (1) post a good and sufficient penal bond with surety with this Court; (2) submit a Reconditioning Plan for the condemned articles of food to FDA; or (3) successfully bring the condemned articles of food into compliance with the Act or destroy the condemned articles within six (6) months after FDA's approval of the Reconditioning Plan, unless that time is extended by mutual consent, the United States Marshal for this District shall destroy the condemned articles of food and make due return to this Court regarding their disposition.  Claimant shall bear the costs of storage and destruction that are incurred by the United States pursuant to this paragraph and shall pay such costs within twenty (20) calendar days after receiving an invoice from FDA, the USMS, or DOJ, or as otherwise agreed to by the parties within those twenty (20) business days.

17.     Should the Claimant fail to abide by and perform all the terms and conditions of this Decree or any such further Decree or Order as may be entered in this proceeding with respect to the condemned articles of food, then said bond shall, in its entirety, on motion of the United States of America in this proceeding, be forfeited to the United States of America and judgment entered thereon, and any condemned articles of food remaining in the custody of the United States Marshal shall be forfeited and disposed of pursuant to further Order of the Court.

18.     The United States Attorney for this District, upon being advised by FDA that the conditions of this Decree have been performed with respect to the condemned articles of food and that Claimant has paid all costs submitted to Claimant as of that date, shall transmit such information to the

Clerk of this Court, whereupon the bond shall be cancelled and discharged.

19. Representatives of FDA shall be permitted, without prior notice and as and when FDA deems necessary, to make inspections of Claimant's facility, and, without prior notice, take any other measures necessary to monitor or ensure continuing compliance with the terms of this Decree. During such inspections, FDA representatives shall be permitted access to buildings, equipment, articles of food, and containers, and packaging material(s) therein; to take photographs and make video recordings; to take samples of articles of food, containers, and packaging material(s); to examine and copy all records relating to the packaging, holding, and distributing of any and all articles of food and/or relating to the sanitation of the facility. The inspections shall be permitted upon presenting a copy of this Decree and appropriate credentials. The inspection authority granted by this Decree is separate from, and in addition to, the authority to make inspections under the Act, 21 U.S.C. § 374.

20. Claimant shall abide by the decisions of FDA and its representatives with respect to this Decree, which decisions shall be final. All decisions specified in this Decree shall be vested in FDA's discretion and, if necessary, shall be reviewed by this Court pursuant to the arbitrary and capricious standard set forth in 5 U.S.C. § 706(2)(A).

21. Should the United States bring and prevail in a contempt action to enforce the terms of this Decree, Claimant shall pay all attorneys' fees, travel expenses incurred by attorneys and witnesses, expert witness fees, and other costs incurred in bringing such an action.

22. All notifications, correspondence, and communications to FDA required by this Decree shall: (a) be addressed to the Program Division Director, Office of Human and Animal Food Operations West, Division 5, U.S. Food and Drug Administration, Department of Health and Human Services, 1201 Harbor Bay Parkway, Alameda, California 94502 and sent electronically to ORAHAFWEST5FirmResponses@fda.hhs.gov; (b) reference the civil action number; and (c) be prominently marked "Consent Decree Correspondence – Gold Coast – [Topic]."

///

///

///

23. The Court retains jurisdiction over this action for the purpose of enforcing or modifying this Decree and for the purpose of granting such additional relief as may be necessary or appropriate.

**IT IS SO STIPULATED.**

Date: 11/15, 2023                    GOLD COAST DISTRIBUTORS, INC.

                                            By:   /s/ Sourabh Roy
                                                  Sourabh Roy
                                                  (Signature retained by attorney)

Date: 11/15/2023                    PHILLIP A. TALBERT
                                                  United States Attorney

                                            By:   /s/ Kevin C. Khasigian
                                                  KEVIN C. KHASIGIAN
                                                  Assistant U.S. Attorney

                                                  OF COUNSEL:

                                                  MARK RAZA
                                                  Chief Counsel
                                                  Food and Drug Administration

                                                  SHANNON SINGLETON
                                                  Acting Deputy Chief Counsel, Litigation

                                                  LEAH A. EDELMAN
                                                  Associate Chief Counsel
                                                  Office of the Chief Counsel
                                                  Food and Drug Administration
                                                  10903 New Hampshire Avenue
                                                  Building 31
                                                  Silver Spring, MD 20993-0002
                                                  240-402-0636
                                                  leah.edelman@fda.hhs.gov

**IT IS SO ORDERED.**

Dated: November 16, 2023                    _____
                                                        WILLIAM B. SHUBB
                                                        UNITED STATES DISTRICT JUDGE